UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| OCTAVIO GONZALEZ, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-688-PPS-JEM |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Octavio Gonzalez, a prisoner without a lawyer, seeks habeas relief from a decision of a disciplinary hearing officer who found him guilty of possessing a controlled substance. Gonzalez was charged in five separate incidents while incarcerated at the Pendleton Correctional Facility, but this appeal only relates to one of those cases—case number ISR 23-10-001224. Following a hearing, Gonzalez was docked 180 days of earned credit time, and he was demoted in credit class. The Warden seeks dismissal of the habeas petition because Gonzalez failed to exhaust his administrative remedies. [ECF 9–11.] Gonzalez did not respond to the motion to dismiss.

Generally, State prisoners must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Under the applicable departmental policy, inmates may appeal disciplinary decisions to the Warden or a facility designee. [ECF 9-4 at 55–57.] If inmates are not satisfied with the results of the first appeal, they may submit a second appeal to the Appeal Review Officer designated by the department commissioner. [*Id.*] According to the affidavit of an Appeal Review Officer, the electronic database maintained by the Indiana Department of Correction reflects that Gonzalez did not submit a second appeal to the Appeal Review Officer in connection with the disciplinary decision that is the subject of this case. [ECF 9-3 at 2.]

The Warden acknowledges the allegations in the petition that Gonzalez appealed the disciplinary decision to the "Final Reviewing Authority" but contends that Gonzalez mistakenly (or perhaps purposefully in an attempt to hoodwink the court) used that term to reference his facility-level appeal. Careful review of the petition and the attached exhibits persuades me that the Warden's assessment is correct. Specifically, in the petition, Gonzalez states that on February 13, 2024, the "Final Reviewing Authority" replied to his appeal by stating, "Cell inspection couldn't be located from eight months ago." [ECF 1 at 2.] He also attached a copy of the response to the facility-level appeal, dated February 13, 2024, which contains the same quoted statement. [ECF 1-1 at 1.] In the petition, he also represents that he attached a letter from the "Final Reviewing Authority," but no correspondence from the Appeal Review Officer is attached, nor is there any other exhibit suggesting that he submitted an appeal at the departmental level. [ECF 1 at 2; ECF 1-1.] Consequently, I find that the references in the

2

petition to "Final Reviewing Authority" pertain to the Warden's designee rather than the Appeal Review Officer.

Based on the foregoing, I find that the administrative appeal process was available to Gonzalez but that he did not complete it. Consequently, the claims in the petition are procedurally defaulted, and Gonzalez offers no basis to excuse the procedural default. On this basis, the motion to dismiss is granted.

If Gonzalez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 9);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Octavio Gonazlez leave to proceed in forma pauperis on appeal.

SO ORDERED on February 25, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT